UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA YVONNE PRESLEY<br>    Plaintiff,<br><br>VS.<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.5:20-cv-00519<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, SANDRA YVONNE PRESLEY, Plaintiff, complaining of and about Defendant LIBERTY MUTUAL INSURANCE COMPANY, hereinafter referred to as Defendant, and for causes of action shows unto the Court as follows:

## I.
## PARTIES

1.   Plaintiff SANDRA PRESLEY (PRESLEY) is an individual residing in DeWitt County, Texas.

2.   Defendant LIBERTY MUTUAL INSURANCE COMPANY (LIBERTY MUTUAL) is a foreign corporation or legal entity doing business in the State of Texas, formed under the laws of the State of Massachusetts, Defendant LIBERTY MUTUAL may be served with civil process by serving its agent for service of process: CORPORATION SERVICE COMPANY DBA CSC – LAWYERS INCORPORATING SERVCIE COMPANY, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy in this action against the Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### III.
### FACTS OF THE UNDERLYING MOTOR VEHICLE COLLISION

4. On or about on March 14, 2018, PRESLEY was driving a 2014 Jeep Wrangler on Highway 81 in Karnes County, Texas. As Plaintiff entered the city limits of Runge, she slowed down to the posted speed limit when suddenly and without warning JONATHAN STEVES, who was traveling at a high rate of speed, slammed into the rear of Plaintiff's vehicle. At the time of the incident, Jonathan Steves was driving a vehicle owned by Bernadette Steves.

5. As a result of the incident, PRESLEY sustained serious and permanent physical injuries. Her injuries resulted in her requiring a cervical fusion surgery. Nothing PRESLEY did or failed to do caused and/or contributed to the incident made the basis of this lawsuit. On the contrary, this occurrence and PRESLEY's resulting injuries, damages and losses were proximately caused by the negligence and negligence per se, as those terms are understood in law on the part of the Jonathan Steves.

### IV.
### LIBERTY MUTUAL INSURANCE POLICY

6. At the time of the incident, PRESLEY was insured with LIBERTY MUTUAL through an automobile insurance policy identified as BAS (19) 57740 34 for the period from 4/19/2018 to 04/19/19 (hereinafter "Liberty Mutual Policy"). The Liberty Mutual Policy provided PRESLEY with underinsured (UIM) benefits amount $1,000,000.00. The vehicle PRESLEY was operating on the dates of the collision was covered under said

policy.

7. As a result of the selection of the underinsured benefits, PRESLEY paid and LIBERTY MUTUAL accepted insurance premiums.

8. At all times material hereto, PRESLEY was free from negligence and did not in any manner assume the risk of injury and/or collision.

9. For any and all of the reasons stated herein, the foregoing actions on the part of Defendant amount to bad faith.

## V.
## ACTION FOR BENEFITS UNDER THE POLICY

10. PRESLEY has complied with all the conditions precedent to bringing an action for benefits under the policy issued by LIBERTY MUTUAL, yet LIBERTY MUTUAL has failed to make any reasonable effort to resolve her claim.  In support of these actions, PRESLEY would show that Jonathan Steves was negligent and that his negligence was a proximate cause of her damages.

## VI.
## FACTS REGARDING PLAINTIFF PRESLEY'S
## UNDERINSURED MOTORIST CLAIM WITH DEFENDANT
## LIBERTY MUTUAL INSURANCE COMPANY

11. Plaintiff hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

12. PRESLEY would show that at the time of the collision, Jonathan Steves maintained financial responsibility by way of an automobile insurance policy which was underwritten by CEM Insurance Company and which bore Policy No. C-PRAEHM023-02 and provided limits of bodily injury liability coverage of $30,000.00.  Additionally, Bernadette Steves, owner of the vehicle being operated by Jonathan Steves at the time

of the collision maintained financial responsibility by way of an automobile insurance policy which was underwritten by Farmers Insurance and which bore Policy No. 044886-221-53 and provided limits of bodily injury liability coverage of $100,000.00. PRESLEY's medical losses and damages greatly exceed these combined policy limits of $130,000.00.

13. Preceding the filing of the present cause of action, PRESLEY, by and through legal counsel, filed suit against Jonathan Steves and Bernadette Steves in Bexar county district court. Plaintiff subsequently submitted to Jonathan Steves' and Bernadette Steves' automobile liability insurance carriers, documentation and information substantiating her losses and damages caused by Jonathan Steves in an effort to resolve her liability claim against Jonathan Steves.

14. Subsequently, Jonathan Steves by and through his automobile liability insurance carrier tendered the limit of his bodily injury liability insurance coverage of $30,000.00 to PRESLEY, and Jonathan Stevens was accordingly released from any further financial liability arising out of this occurrence.

15. Subsequently, Bernadette Steves, by and through her automobile liability insurance carrier tendered the limit of her bodily injury liability insurance coverage of $100,000.00 to PRESLEY, and Bernadette Steves was accordingly released from any further financial liability arising out of this occurrence. Liberty Mutual consented in writing to plaintiff's settlement with the Steves Defendants.

16. Because Jonathan Steves' negligence was the proximate cause of the aforementioned occurrence and because he failed to maintain financial responsibility in a sufficient amount to pay for all damages proximately caused by his negligence, PRESLEY also has made a claim with LIBERTY MUTUAL for the $1,000,000.00 policy

limits of her underinsured motorist coverage, for which LIBERY MUTUAL used Claim No. 23399978.

17.     On January 17, 2020, PRESLEY made a demand upon LIBERTY MUTUAL for the $1,000,000.00 policy limits of her underinsured motorist coverage.  Medical and billing records regarding her losses and damages had previously been provided. Additionally, prior and post-accident medical records were sent on same day as demand.

18.     The demand made on January 17, 2020 and emailed to LIBERTY MUTUAL on that same date, set forth a reasonable date of February 22, 2020, by and within which it was demanded that LIBERTY MUTUAL tender its $1,000,000.00 policy limit of PRESLEY'S underinsured motorist coverage for her automobile insurance policy with LIBERTY MUTUAL. Plaintiff presented LIBERTY MUTUAL with documentary evidence of Ms. Presley's over $340,000.00 in medical bills associated with her cervical fusion surgery; over $75,000 in lost wages and lost earning capacity and stated that a life care plan for Ms. Presley's future medical costs was being created by Physical Life Care Planners and that this Life care plan would be provided once received.

19.     On January 22, 2020, LIBERTY MUTUAL requested additional documents which were provided emailed that same date.

20.     On February 24, 2020, LIBERTY MUTUAL responded to PRESLEY's demand by offering less than medical bills on the underinsured motorist bodily injury based on the documents that have been reviewed.  LIBERTY MUTUAL at that time requested additional financial documents to further investigate PRESLEY's loss of income claim and determine acceptance of PRESLEY's demand.  The requested documents were provided to LIBERTY MUTUAL on February 28, 2020.

21. On March 18, 2020, PRESLEY then supplied LIBERTY MUTUAL with a "Life Care Plan" prepared by Dr. Cowen with Physician Life Care Planners, which stated that, in addition to the past medical treatment and expenses therefrom incurred, PRESLEY will require future medical care with costs for such medical care projected to be $346,335.84 in present value as of the time of the Life Care Plan's preparation. This brought Ms. Presley's documented economic damage total to over $760,000.00.

22. On April 22, 2020, LIBERTY MUTUAL formally responded, offering nearly less than half of economic damages alone of PRESLEY's underinsured claim, despite it being beyond clear that PRESLEY's damages of over $760,000.00 in economic damages and hundreds of thousands more for physical pain, mental anguish and physical impairment far exceeded LIBERTY MUTUAL'S offer.

## VII.
## DECLARATORY JUDGMENT

23. Plaintiff hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

24. Based on the foregoing facts and circumstances, PRESLEY seeks a declaratory judgment, pursuant to Texas Civil Practice & Remedies Code § 37.001 *et seq.*, to have her rights, status, and other legal relationships vis-à-vis LIBERTY MUTUAL INSURANCE COMPANY, established by a Court of competent jurisdiction. In particular, PRESLEY seek a declaration from the Court that:

    a. Jonathan Steves was negligent and liable for the occurrence described above and caused damages and injuries to PRESLEY for which she is legally entitled to compensation;

    b. The amount of compensable damages suffered by PRESLEY as a result of said negligence exceeded and exceeds the $130,000.00 already received from Jonathan Steves' and Bernadette Steves'

        automobile insurance policies and, therefore, Jonathan Steves and Bernadette Steve have the status of an underinsured motorist under PRELSEY's automobile insurance policy with LIBERTY MUTUAL;

   c.    The damages which PRESLEY shall be legally entitled to recover as from Jonathan Steves because of bodily injury are covered under her Policy No. BAS577040341 with LIBERTY MUTUAL and Plaintiff here asks that this Court determine and render a declaratory judgment accordingly; and

   d.    The amount for all categories of economic and non-economic damages (as set forth in this petition) that PRESLEY is entitled to recover as benefits payable due to the actions of Jonathan Steves from LIBERTY MUTUAL in regard to underinsured motorist Claim No. 23399978.

25.    For the foregoing reasons, PRESLEY here seeks a declaration by means of an order, judgment, and/or decree from this Court declaring the above relief sought.

## VIII.
## INSURANCE CODE VIOLATIONS

26.    Plaintiff hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

27.    In violation of Chapter 541 of the Texas Insurance Code, PRESLEY here brings forth causes of action against LIBERTY MUTUAL as follows:

### *A.    BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING*

28.    Plaintiff hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

29.    Under established common law and judicial precedent in the State of Texas, LIBERTY MUTUAL owes PRESLEY, its insured, a duty of good faith and fair dealing, due to the special relationship that exists between an insurance carrier and its insured.

30.    An insurance carrier is liable for breaching its duty of good faith and fair dealing owed to its insured when it fails to attempt in good faith to effectuate a prompt,

fair, and equitable settlement of a claim.

31. LIBERTY MUTUAL has here failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of PRESLEY's underinsured motorist claim.

32. As a result, PRESLEY has suffered damages as set forth herein and here seeks all available remedies and damages available to her, whether in law or in equity.

### B. VIOLATIONS OF TEXAS INSURANCE CODES

33. Plaintiff hereby incorporates by reference each of the foregoing paragraphs as if fully stated herein.

34. LIBERTY MUTUAL's failure to attempt to effectuate a prompt, fair, and equitable settlement of PRESLEY's underinsured motorist claim, with respect to which LIBERTY MUTUAL's obligation has become reasonably clear, and its failure to promptly pay the full policy limits of PRESLEY's underinsured motorist coverage, constitute violations of Texas Insurance Code §§ 541 & 542, *et seq.*

35. Specifically, LIBERTY MUTUAL's violations of Texas Insurance Code § 541 in regard to PRESLEY's underinsured motorist claim include, but are not limited to, the following sections:

   a. **Texas Insurance Code § 541.060 (a)(2)(A) –** Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
   b. **Texas Insurance Code § 541.060 (a)(7) –** Refusing to pay a claim without conducting a reasonable investigation with respect to claim.

36. LIBERTY MUTUAL violated one or more of the foregoing statutory provisions by, unreasonably and not in good faith, refusing to promptly, fairly, and equitably tender the policy limits of the underinsured motorist coverage as settlement of

PRESLEY's underinsured motorist claim upon a reasonable demand being made and when its liability had become reasonably clear.

37. Furthermore, LIBERTY MUTUAL has engaged in "unfair claim settlement practice" and has violated Texas Insurance Code § 542 in regard to PRESLEY's underinsured motorist claim. The actions constituting "unfair claim settlement practices" committed by LIBERTY MUTUAL are violations of, but are not limited to, the following sections:

   a. **Texas Insurance Code § 542.003 (b)(4) –** Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and/or

   b. **Texas Insurance Code § 542.003 (b)(5) –** Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

38. LIBERTY MUTUAL violated one or more of the foregoing statutory provisions and committed an "unfair settlement practice" by unreasonably and not in good faith, refusing to promptly, fairly, and equitably tender the policy limits of the underinsured motorist coverage as settlement of PRESLEY's underinsured motorist claim upon a reasonable demand being made and when its liability had become reasonably clear.

39. LIBERTY MUTUAL violated one or more of the foregoing statutory provisions and committed an "unfair settlement practice" by compelling PRESLEY to institute and bring forth this suit to recover not only the $1,000,000.00 policy limits of her underinsured motorist coverage available through her automobile policy with LIBERY MUTUAL, but all additional actual damages and relief available to her beyond the policy limits, including but not limited to, all pre-judgment and post-judgment interest, all attorneys' fees, all Court costs, and other such expenses, in an amount that would be

substantially more than simply paying the policy limits due under his insurance policy with LIBERTY MUTUAL.

40. In a lawsuit filed under the aforementioned subchapters of the Texas Insurance Code, PRESLEY may obtain under Texas Insurance Code §§ 541.151 and 542.060, and here seeks the following damages and relief:

   a. The amount of actual damages, plus interest on the amount of the claim at the rate of eighteen percent (18%) per annum court costs and reasonable and necessary attorney's fees;

   b. On a finding by the trier of fact that Defendant knowingly committed the act(s) complained of, an amount not to exceed three (3) times the actual damages;

   c. Reasonable and necessary attorneys' fees, which are to be taxed as Court costs, along with all other taxable Court costs; and

   d. Any other relief that the Court deems proper.

41. Furthermore, pursuant to Texas Insurance Code § 542.061, the remedies provided under this subchapter are not exclusive and are in addition to any other remedy provided by statute or at common law.

## IX.
## DAMAGES

42. As a direct and proximate result of the negligence of Jonathan Steves, PRESLEY sustained personal injuries and damages including but not limited to:

   a. Reasonable medical care and expenses in the past, and which in all reasonable probability will be incurred in the future. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Physical pain and suffering in the past;

   c. Physical pain and suffering in the future;

      d.      Mental anguish in the past;

      e.      Mental anguish in the future;

      f.      Physical impairment in the past;

      g.      Physical impairment in the future;

      h.      Physical disfigurement in the past;

      i.      Physical disfigurement in the future;

      j.      Lost wages in the past and future;

      k.      Loss of earning capacity in the past and future;

      l.      Prejudgment and post-judgment interest, and

      m.      Court costs.

      n.      All statutory "additional" damages;

      o.      Attorney fees pursuant to CPRC 37.0009; and

      p.      All such other relief, at law or in equity, to which Plaintiff may show to be entitled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendant for her actual damages in such amount as the evidence and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff is justly entitled and as is requested and sought herein, whether at law or in equity.

Respectfully Submitted,

**ANTHONY & PETERSON, LLP**

*/s/ Brett Anthony*
Brett Anthony
State Bar No. 00793272
Federal ID No. 20025
banthony@anthony-peterson.com
Douglas P. Peterson
State Bar No. 00797240
Federal ID No. 22399
dpeterson@anthony-peterson.com
500 North Water Street, Ste. 1000
Corpus Christi, Texas 78401
Telephone: (361) 687-1000
Facsimile: (361) 687-1010

AND

OF COUNSEL

**BONILLA & CHAPA, P.C.**
Tony Bonilla
State Bar No.: 02599000
Tbob36@aol.com
P.O. Box 5488
Corpus Christi Texas  78465-5488
Telephone:  (361) 881-1000
Facsimile:  (361) 881-1028

**ATTORNEYS FOR PLAINTIFF**